IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:05CR149 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| AARON M. OLIVO, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on defendant Aaron Olivo's objection, Filing No. 42, to the Report and Recommendation ("R&R") of the United States Magistrate Judge ("Magistrate"), Filing No. 40, on Olivo's motion to suppress, Filing No. 19. Olivo is charged with one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). Olivo seeks suppression of all evidence found and statements obtained as a result of the seizure of his person and the search of his vehicle on or about February 22, 2005. He asserts the search and seizure occurred without reasonable suspicion, probable cause, a search warrant, or consent, in violation of the Fourth Amendment. He also moves to suppress the statements he made in custody as involuntary, in violation of his rights under *Miranda v. Arizona,* 384 U.S. 436 (1966).

    The Magistrate recommends that the motion be granted in part and denied in part. Filing No. 40, R&R at 19-20. He recommends suppression of the statements Olivo made before he was advised of his *Miranda* rights, but denial of the motion in all other respects. *Id.* at 15. Olivo objects to the Magistrate's legal conclusions that there was probable cause

to arrest him, and that the search of his vehicle was justified as either a search incident to an arrest or an inventory search.

An evidentiary hearing was held before the Magistrate on July 14, 2005. Filing No. 27, Minutes; Filing No. 32, Transcript of Hearing ("Hr'g Tr."). Under 28 U.S.C. § 636(b)(1)(C), the court has conducted a de novo review of those portions of the report or recommendations to which defendant Olivo objects. The court has reviewed the record, including the transcript of the hearing and the exhibits. *See* Filing No. 32, Hr'g Tr., Hearing Exhibits ("Hr'g Exs.") 1-8. For the reasons set forth below, the court finds Olivo's objection to the Magistrate's findings with respect to the search of his vehicle should be overruled and that the Report and Recommendation of the Magistrate should be adopted, as modified by the findings in this order.

I.   BACKGROUND

The court generally accepts the Magistrate's factual findings and they will be repeated only as necessary to this court's analysis. Significantly, the record shows that law enforcement officers pursued defendant's vehicle for traffic violations. The evidence further shows that the driver exited the vehicle and ran. Law enforcement officers conducted a search of the area, on foot, for approximately twenty minutes before returning to the vehicle. Officer Jodi Sautter testified that she recognized Olivo as the person who had fled from the vehicle. Officer Sautter testified that the vehicle was going to be towed because it had improper plates and was not registered. Officers Sautter and Amy Oetter testified they were also concerned that the vehicle had been stolen because they could not locate a VIN number on the vehicle. Defendant was arrested in a garage that officers

testified looked like a "chop shop" and a weapon was found in the garage. The vehicle was searched after defendant Olivo had been arrested for the traffic violations.

II.     DISCUSSION

The Fourth Amendment of the Constitution secures persons against unreasonable searches and seizures. U.S. Const. amend. IV. Searches conducted without a warrant are *per se* unreasonable, subject to a few well-established exceptions. *United States v. Kennedy*, 427 F.3d 1136, 1140 (8th Cir. 2005). In the case of a warrantless search, the government bears the burden of establishing an exception to the warrant requirement. *Id.*

Law enforcement officers may search a lawfully impounded vehicle to compile an inventory list of the vehicle's contents without violating the Fourth Amendment. *South Dakota v. Opperman*, 428 U.S. 364, 376 (1976). To do so, officers need neither a search warrant nor probable cause, for they are not investigating a crime; instead, they are "performing an administrative or care-taking function." *United States v. Marshall*, 986 F.2d 1171, 1174 (8th Cir. 1993); *Kennedy*, 427 F. 3d at 1143 (noting "the inventory search exception to the warrant requirement is premised on an individual's diminished expectation of privacy in an automobile coupled with the governmental interests in inventorying the vehicle's contents: to protect an owner's property while the automobile is in custody, to ensure against claims of lost, stolen, or damaged property, and to guard police from danger"). The central question in evaluating the propriety of an inventory search is whether, in the totality of the circumstances, the search was reasonable. *Id.* Inventory searches conducted according to standardized police procedures, that vitiate concerns of an investigatory motive or excessive discretion, are generally reasonable. *See id.* Adherence to a standardized procedure is necessary "to ensure that the search is not

3

merely 'a ruse for general rummaging in order to discover incriminating evidence,' since inventory searches are often conducted in the absence of the safeguards of a warrant and probable cause." *Id.* (quoting *Florida v. Wells*, 495 U.S. 1, 4 (1990)). "However, the Constitution does not permit police to 'raise the inventory-search banner in an after-the-fact attempt to justify what was . . . purely and simply a search for incriminating evidence.'" *Id.* at 1144 *(*quoting *Marshall,* 986 F.2d at 1175).

In the context of an inventory search, the government's burden requires the government to produce evidence that impoundment and inventory search procedures were in place and that law enforcement complied with those procedures. *Id.; Marshall*, 986 F.2d at 1175-76 (8th Cir. 1993) (holding that district court erred in admitting evidence seized pursuant to inventory search when government produced insufficient evidence of compliance with standardized procedures). Although the government produced evidence that certain standardized procedures were in place, it failed to establish compliance with those procedures. *See id.* Under the circumstances, the government has not shown that the search of the vehicle was an inventory search conducted pursuant to standardized procedures. Accordingly, the court does not adopt the Magistrate's finding that the search was a lawful inventory search.

Arrests for traffic violations and other minor offenses are consistent with the Fourth Amendment. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). Moreover, "a traffic-violation arrest . . . would not be rendered invalid by the fact that it was a 'mere pretext for a narcotics search.'" *Whren v. United States,* 517 U.S. 806, 812-13 (1996) (*quoting United States v. Robinson*, 414 U.S. 218, 221 n.1 (1973)). "[S]ubjective intentions

play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren,* 517 U.S. at 813.

When a police officer makes a lawful custodial arrest of an automobile's occupant, the Fourth Amendment allows the officer to search the vehicle passenger compartment as a contemporaneous incident of arrest. *New York v. Belton*, 453 U.S. 454, 460 (1981). This is true even if the person arrested has left the vehicle. *See United States v. Poggemiller*, 375 F.3d 686 (8th Cir. 2004). *Belton* applies even after the arrestee has been taken into custody and removed from the scene. *Thornton v. United States*, 541 U.S. 615, — , 124 S. Ct. 2127, 2131 (2004) (plurality opinion) (noting "*Belton* allows police to search a car's passenger compartment incident to a lawful arrest of both 'occupants' and 'recent occupants'"). As long as an occupant could have reached an area while inside the vehicle, then the police may search that area incident to a lawful arrest. *United States v. Barnes*, 374 F.3d 601, 604 (8th Cir. 2004). The scope of the search includes the passenger compartment and any containers within the compartment. *United States v. Wells*, 347 F.3d 280, 287-288 (8th Cir.2003).

Such a search, however, must be contemporaneous to the arrest. *Id.* at 286. An arrestee's status as a "recent occupant" may turn on his temporal or spatial relationship to the car at the time of the arrest and search. *See Thornton*, 541 U.S. at —, 124 S. Ct. at 2131-32 (holding that even when a defendant is not in the car when he is arrested, "it is reasonable to allow officers to ensure their safety and to preserve evidence by searching the entire passenger compartment"). The critical inquiry in such cases is whether the search is "roughly contemporaneous with the arrest." *United States v. McLaughlin*, 170 F.3d 889, 892 (9th Cir. 1999). The requirement that the search and the arrest be roughly

contemporaneous is not strictly temporal in nature. *Id.* "Rather, '[t]he relevant distinction turns not upon the moment of arrest versus the moment of the search but upon whether the arrest and search are so separated in time or by intervening acts that the latter cannot be said to have been incident to the former.'" *United States v. Smith*, 389 F.3d 944, 951 (9th Cir. 2004) (per curiam) (quoting *United States v. Abdul-Saboor*, 85 F.3d 664, 668 (D.C. Cir. 1996)). Accordingly, "a search need not be conducted immediately upon the heels of an arrest, but sometimes may be conducted well after the arrest, so long as it occurs during a continuous sequence of events." *Smith*, 389 F.3d at 951.

The evidence adduced herein shows that defendant was lawfully arrested for a traffic violation and that the search of the vehicle was roughly contemporaneous to the arrest. The arrest and search are not separated by any significant amount of time or by intervening events. Moreover, the interval between the initial contact and the search was prolonged by defendant's own conduct in fleeing the scene. To hold otherwise would reward flight and would allow arrestees to benefit from obstructive conduct.

Alternatively, the so-called "automobile exception" permits police to conduct a warrantless search of an automobile if, at the time of the search, they have probable cause to believe that the vehicle contains contraband or other evidence of a crime. *Kennedy*, 427 F.3d at 1141. Probable cause sufficient to justify a search exists where, in the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Id.* In determining whether an officer had probable cause to search, courts apply a common sense approach and consider all relevant circumstances. *Id.* The evidence adduced herein would support the finding that a reasonable law enforcement officer would have had probable cause to believe that the vehicle contained

evidence either relating to the "chop shop" or the weapon that had been found in the garage.

THEREFORE, IT IS ORDERED:

1. Defendant's objection (Filing No. 42) to the Report and Recommendation of the Magistrate (Filing No. 40) is overruled;

2. The Report and Recommendation (Filing No. 40) is adopted; and

3. Defendant's motion to suppress (Filing No. 19) is granted in part, and denied in part, as follows: the motion is granted with respect to defendant's non-Mirandized statements that he was in his apartment and saw someone breaking into his vehicle and that he did not know the numbers of his apartment's address; the motion is denied in all other respects.

DATED this 30th day of November, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge